Matthias, J.
The jurisdiction of the court of appeals is now conferred only by Section 6, Article IV of the State Constitution. In the trial of cases on appeal its jurisdiction is thereby limited to chancery cases and can neither be enlarged nor curtailed by the general assembly. Cincinnati Polyclinic v. Balch, 92 Ohio St., 415, and Wagner v. Armstrong, 93 Ohio St., 443.
The court of appeals refused to entertain jurisdiction of this case and dismissed the appeal. The only question therefore presented by the record is whether this case is a chancery case and appealable to the court of appeals.
In discussing the question by which the extent of equity jurisdiction is to be tested and practically determined, it is stated in 1 Pomeroy’s Equity Jurisprudence (3 ed.), Section 62, that “The question is * * * whether the circumstances and relations presented by the particular case are fairly embraced within any of the settled principles and heads of jurisdiction which are generally acknowledged as constituting the department of equity.” It is further said that one of the results which follows is that “a court of equity will not, unless perhaps in some very exceptional case, assume jurisdiction over a controversy the facts of which do not bring it within some general principle or acknowledged head of the equitable jurisprudence.”
*15 In applying the test suggested we are admonished to ascertain, examine and consider “the circumstances and relations presented” by this case, and the case made in the petition, as well as the prayer, must be looked to in determining the character of the action. Reed’s Admr. v. Reed et al., 25 Ohio St., 422.
It is to be observed that the substance of the plaintiff’s petition is that the plaintiff had conveyed to the defendant a residence property; that the building was not completed; that the defendant agreed, in consideration of payment to him of a stipulated sum of money by the plaintiff, to relieve the plaintiff of its obligation to complete the building according to the plans, specifications and survey therefor, and to pay and discharge all claims for material and labor necessary to so complete said building; that plaintiff paid the defendant said sum of money; that the defendant failed to keep his contract, and by reason of his failure, the plaintiff became liable for the payment of certain claims, the extent of which it was not definitely informed and therefore cannot state. Plaintiff’s petition contains averments as to the failure of the defendant to account and of refusal on demand to render an accounting to the plaintiff, and other similar averments; but an action for the recovery of money as a debt or as damages is essentially an action at law and cannot be converted into a suit in equity by the mere use of words and phrases usually found only in pleadings in equitable actions, no matter how often repeated nor the extent of variation of such allegations. The essential and material aver *16 ments of the petition will be scrutinized, and the pleading, stripped of all surplus and immaterial statements, examined to ascertain the essential character of the action. No facts are alleged which would entitle the plaintiff to the equitable action of accounting. The parties did not sustain a fiduciary relation. It may be said here, as truly as in the case of Willson Improvement Co. v. Malone, 78 Ohio St., 232, that the relations which would authorize a court of equity to require such an accounting do not exist, and that either party believing the other to be indebted to him might have recourse to an action at law for the recovery of the amount thereof. The plaintiff has not proceeded upon the theory that the arrangement between it and the defendant constituted a trust, and does not seek to have any trust performed or executed; nor is this a case in which judgment for money can only follow as. a result of a previous award of equitable relief. The relief which plaintiff does seek is reimbursement, and it asks that the amount found due be entered as a judgment. True, plaintiff avers that it does not know the extent of the claims which defendant has failed to pay and therefore cannot state in its pleading the amount of its damage; but now that adequate means of obtaining discovery from parties to actions at law are afforded by our statute, suits for discovery, as previously prosecuted in equity, are no longer necessary; and it is elementary that where an adequate remedy is afforded at law equity may not be resorted to. (Chapman v. Lee, 45 Ohio St., 356.) The only equitable relief prayed for in this action is that of *17 injunction, and that does not appear to have been urged. Even if it were, it was merely ancillary and incidental and cannot serve to change the nature of an action from one at law to a suit in chancery. The allegations of the cross-petitions of the material and supply companies were not put in issue by a reply, and were thereby confessed to be true, and were allowed, apparently as a matter of course, and, hence, an appeal from the relief granted thereon would not lie in behalf of the plaintiff even if it were otherwise available.
It follows that the action of the court of appeals in dismissing the appeal was right and its judgment is therefore affirmed.

Judgment affirmed.

Nichols, C. J., Wanamaker, Newman, Jones, Johnson and Donahue, JJ., concur.